### UNITED STATES

v.

### Airman First Class Melvin B. FORTENBERRY, FR 431–23–7682 United States Air Force.

### ACM S25541.

U. S. Air Force Court of Military Review.

Sentence Adjudged 5 Feb. 1982.

Decided 12 July 1982.

---

Appellate Counsel for the Accused: Colonel George R. Stevens and Colonel Anthony C. Vance, USAFR.

Appellate Counsel for the United States: Colonel James P. Porter and Second Lieutenant Evelyn J. King, USAFR.

Before KASTL, HEMINGWAY and RAICHLE, Appellate Military Judges.

## DECISION

HEMINGWAY, Judge:

In accordance with his pleas, the accused was found guilty of the larceny of a wallet containing an Air Force identification card and a check, false swearing and wrongful possession of another's identification card, in violation of Articles 121 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 921 and 934.

Prior to entering his pleas, the accused moved for dismissal of the larceny and wrongful possession of an identification card specifications for lack of subject matter jurisdiction. The accused now contends that the military judge's denial of that motion was error. We disagree.

The facts are not in dispute. The accused found a wallet lying on the ground in the parking lot of his apartment complex in Jacksonville, Arkansas. Upon opening the wallet, he found a money order in the amount of $350.00 and an Air Force identification card (DD Form 2AF), both belonging to another airman who was his neighbor and a member of the same squadron. Although he knew that the owner was looking for his property, the accused decided to keep the contents and throw away the billfold. Several days later, the accused attempted to negotiate the money order using the victim's identification card as evidence of his authority to cash the money order.

We find sufficient basis for the exercise of jurisdiction. The offenses occurred in a community immediately adjacent to Little Rock Air Force Base. The victim was another military member, known to the accused to be a member of the same organization. One of the items stolen was an identification card issued by the Air Force.

The larceny of property by one service member from another who is a member of the same unit has an adverse impact on military discipline, welfare and morale. This adverse impact on the military is not diminished by the fact that the crime took place close to a military installation rather than just inside the perimeter. The military has a distinct interest in the control and use of service identification cards that is superior to that of the civilian community. Further, the larceny of a service identification card constitutes a flouting of military authority. The military judge's ruling was correct. *Schlesinger v. Councilman,* 420 U.S. 738, 95 S.Ct. 1300, 43 L.Ed.2d 591 (1975); *United States v. Lampani,* 11 M.J. 632 (A.F.C.M.R.1981); *United States v. Lockwood,* 11 M.J. 818 (A.F.C.M.R.1981); *United States v. Lowery,* 13 M.J. 1951 (A.F.C.M.R.1982).

Accordingly, the findings of guilty and the sentence are

AFFIRMED.

KASTL, Senior Judge, and RAICHLE, Judge, concur.